## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:                                           CIVIL ACTION

EEOC Charge No.                                  NO. 08-3683

461-2008-01046                                   SECTION "R" (3)

### ORDER AND REASONS

Before the Court is an application for appointment of counsel [Doc. #5] filed pursuant to 42 U.S.C. 2000e-5(f)(1) by pro se plaintiff, Shelia Melson ("Melson").[1] Plaintiff was at all pertinent times employed by Restlawn Park & Mausoleum, Inc. Plaintiff's EEOC charge alleges that she was a victim disability discrimination in violation of Americans with Disabilities Act. Plaintiff alleges verbal harassment during training sessions and ridicule by the co-owner Mr. Larry Chetofield, who singled her out on the basis of her weight/size. His verbal harassment allegedly culminated in her constructive discharge within a few weeks of the commencement of her employment (*i.e.*, November 27, 2007 to December 12, 2007).

On August 22, 2008, the undersigned Magistrate Judge conducted a telephone hearing regarding plaintiff's request for appointment of counsel, following which the matter was taken under advisement. The Court, having considered the premises, DENIES petitioner's application for appointment of counsel for the following reasons.

Plaintiff does not have either a constitutional right or an automatic right to appointed counsel

---

[1] *See* Plaintiff's Application for Appointment of Attorney filed July 23, 2008 [Rec. Doc. No. 5]. In addition, prior to the telephone hearing conducted on August 21, 2008, plaintiff filed Supplemental Memorandum detailing the facts her case and submitting pertinent documents from the EEOC Administrative Record including her notice of right sue regarding her ADA claim. See Rec. Doc. #8.

in a civil case.[2]  Unlike a criminal defendant, an indigent civil rights litigant, even if incarcerated, does not have a right to appointed counsel absent "exceptional circumstances."[3]  Indeed, the federal court has considerable discretion in determining whether to make such an appointment in a civil case.[4]  The Court has discretion to appoint counsel in such a case if doing so would advance the proper administration of justice.[5]  The plaintiff bears the burden of persuasion as to the *necessity* of such an appointment.[6]

The evidence which must be adduced includes the plaintiff's indigence and efforts made by the plaintiff to secure counsel; however, these are bare minimum *threshold* considerations.  Plaintiff has not made efforts to secure counsel and was instructed to contact the New Orleans Bar Associations Referral Service.  Even assuming that plaintiff had exhausted all avenues in her effort to retain counsel, this Court is not convinced that the plaintiff's situation justifies the special benefit of having counsel appointed to represent her at this time.

In making this determination, the undersigned has considered all of the following factors: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting her case adequately; (c) whether she is in a position to investigate her case adequately; and (d) whether the

---

[2]*See Caston v. Sears, Roebuck and Co.,* 556 F.2d 1305, 1309 (5th Cir. 1977).

[3]*See Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th  Cir.1997)*; Akasike v. Fitzpatrick,* 26 F.3d 510, 512 (5th Cir. 1994); *Vitug v. Merit Systems Protection Board*, 2002 WL 1216023 (E. D. La.) (Shushan, M. J.);  *Sly v. Stalder*, 2002 WL 31371958 (E. D. La.) (Wilkinson, M. J.).

[4]*See Salmon v. Corpus Christi Independent School District*, 911 F.2d 1165, 1166 (5th Cir. 1990).

[5]*See Ulmer v. Chancellor,* 691 F.2d 209, 212-13 (5th Cir. 1982); *Salmon v. Corpus Christi Independent School Dist*., 911 F.2d 1165, 1166 (5th  Cir.1990).

[6]*See Caston,* 556 F.2d at 1310.

2

evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.[7]   The court should also consider whether appointment of counsel would be of service to the court and the defendant by sharpening the issues in the case.[8]

As to the complexity of the discrimination claim brought by the plaintiff, the Court notes that the plaintiff  stated that she already has an eyewitness to testify as to the co-owner's harassment and ridicule.  Moreover, plaintiff was a direct participant in the circumstances that form the basis of her EEO complaint.  The centerpiece of plaintiff's allegations is a singular type of harassment (alleged verbal ridicule in front of all of her coworkers) on the basis of an alleged disability.  Although it is difficult to determine at this early stage of the proceeding that either that cross-examination of witnesses will be required or that the case is susceptible of summary disposition, the Court notes that plaintiff is well-spoken and represented her claim of disability discrimination/constructive discharge handily at the telephone hearing.  Additionally, the plaintiff has performed some investigation of the case herself and identified an eyewitness, who is willing to testify on her behalf.

The Court recognizes that every litigant benefits by having an attorney.  However, the burden is on the plaintiff to demonstrate that, unique from other *pro se* litigants, she will have particular difficulty in investigating and presenting her case, such that her situation justifies the special benefit of having counsel appointed to represent her.  As aforestated, plaintiff was very articulate[9] and had no difficulty presenting the circumstances of her case of alleged discrimination to the undersigned in the context of the telephone hearing. Plaintiff has failed to make the requisite showing.

---

[7]*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir.1992);  *Ulmer*, 691 F.2d at 213.

[8]*Id.*

[9]*See* Plaintiff's Correspondence filed August 11, 2008 [Rec. Doc. #8].

For reasons set forth above, the Court finds that this is not the type of *extraordinary* case in which appointment of counsel will necessarily assist either the parties or the court with presentation of the issues. Rather, on balance, the factors set forth above weigh against granting plaintiff's application for the appointment of counsel at this early stage of the proceedings. Accordingly,

**IT IS ORDERED** that Shelia Melson's Motion for Appointment of Counsel # 5 is DENIED.

### OBJECTIONS

Plaintiff may file objections to the undersigned magistrate judge's findings. However, any such objections must be filed within ten (10) days of the date that this order is entered, excluding weekends and holidays. Additionally, plaintiff's objections must be: (1) specific, (2) in writing, and (3) served within ten days after being served with a copy of this order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). Plaintiff's failure to object will bar him from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the unobjected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this <u>22nd</u> day of August, 2008.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**